Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50300 | **DATE** | 12/18/2001 |
| **CASE TITLE** | Thomas vs. Stephenson County Jail | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's Snyders' motion for summary judgment is granted and this cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

/SEC

No notices required, advised in open court.
No notices required.
X Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
X Mail AO 450 form.
X Copy to judge/magistrate judge.

DEC 19 2001
date docketed
12-19-01
date mailed notice

# MEMORANDUM OPINION AND ORDER

On June 1, 2000, plaintiff Earl Thomas, Jr. ("Thomas"), assisted by appointed counsel, filed a two-count amended complaint against David Snyders in his individual capacity as Sheriff of Stephenson County, Illinois, and against the County of Stephenson ("Stephenson County") pursuant to 42 U.S.C. § 1983 ("section 1983"). Per Order dated October 25, 2000, in response to defendants' motion to dismiss, the court dismissed part of Count I and all of Count II, and dismissed Stephenson County from the case. Remaining is Thomas' claim that he was subjected to unreasonable conditions while confined in the Stephenson County jail because it lacked proper heating and he was not provided blankets on cold days. On July 31, 2000, Snyders filed a motion for summary judgment pursuant to FED. R. CIV. P. 56 and an accompanying LR 56.1(a)(3) statement of material facts. Thomas chose not to file a response. Thus, all properly supported facts in Snyders' LR 56.1(a) statement of facts are deemed admitted. See LR 56.1(b)(3)(B); Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 689 (7th Cir. 2000). The court has jurisdiction over Thomas' complaint under 28 U.S.C. § 1331. Venue is proper as the complained of conduct occurred in this district and division. Id. § 1391.

From March 20, 1999 until December 7, 1999, Thomas was incarcerated as a pretrial detainee in either the Stephenson County jail or the Ogle County jail (LR 56.1(a)(3) ¶ 2), although only the Stephenson County jail is relevant for purposes of this case. The Due Process Clause prohibits any kind of punishment of a pretrial detainee. Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996). The analysis of whether a pretrial detainee's due process rights have been violated are analyzed under the Eighth Amendment test; that is, whether prison officials acted with deliberate indifference to a serious illness or injury. Henderson v. Sheahan, 196 F.3d 839, 844 n.2 (7th Cir. 1999), cert. denied, 530 U.S. 1244 (2000). Conduct is deliberately indifferent when a prison official acts in an intentional or criminally reckless manner. Antonelli, 81 F.3d at 1428. To impose liability on a prison official in his individual capacity, a plaintiff must produce evidence to show the prison official was personally involved or acquiesced in the alleged constitutional deprivation. Kelly v. Municipal Courts of Marion Cty., Ind., 97 F.3d 902, 909 (7th Cir. 1996). An allegation of inadequate heating may state a due process violation. See Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997).

The facts show a new heating and air conditioning system was installed in the Stephenson County jail during 1993 and 1994. (LR 56.1(a)(3) ¶ 6) During Thomas' stay at the jail, there were no occasions when the heating and air conditioning system was disabled and not operating. (Id. ¶ 8) The jail's policy and practice is to keep the temperature in the jail at 72 degrees. (Id. ¶ 9) During the period from March 20, 1999 to December 7, 1999, the jail followed this policy and practice. (Id.) Its heating and air conditioning system services all parts of the jail, including the cellblocks where Thomas stayed. (Id. ¶ 10) Moreover, during his stay there, Thomas had been issued a blanket. (Id. ¶12) These facts show that, objectively speaking, Thomas did not suffer a sufficiently serious deprivation within the meaning of the Due Process Clause. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (under objective component of Eighth Amendment claim, court examines whether the deprivation was sufficiently serious); Dixon, 114 F.3d at 644 (listing factors courts should examine in assessing claims based on low cell temperature).

Even if Thomas had produced evidence of inadequate heating so as to survive summary judgment, the facts show Snyders was not personally involved. Snyders ordinarily does not have direct contact with inmates, and correctional officers generally did not direct problems to him. (LR 56.1(a)(3) ¶¶ 15-16) Snyders is not aware of any time during 1999 when any part of the jail did not receive heat, and he did not receive any complaints during the year that any part of the jail was not receiving sufficient heat or was too cold. (Id. ¶ 18) Thomas alleges Snyders knew of the heating problems because of annual inspections done by the Illinois Department of Corrections (Am. Compl. ¶¶ 11-13), yet has produced no evidence of such inspections or that the inspections revealed problems with the jail's heating system or the heating in Thomas' cellblocks in particular. The lack of evidence regarding Snyders' involvement is fatal to Thomas' claim.